United States District Court
Middle District of Florida
Orlando Division

**TINA LOUISE ACKERMAN,**

**Plaintiff,**

**v.** **NO. 6:23-CV-1611-RBD-LLL**

**KILOLO KIJAZAKI, Acting Commissioner of Social Security,**

**Defendant.**

---

**Report and Recommendation**

Before the Court is Defendant's Unopposed Motion for Entry of Judgment with Reversal and Remand of the Cause to the Defendant, doc. 21, that seeks to have this case remanded to the Commissioner for further proceedings; plaintiff does not object to the motion, *id*. at 2. Defendant's motion has been referred to me for the issuance of a report and recommendation regarding an appropriate resolution.

Defendant moves for remand of this case under sentence four of 42 U.S.C. § 405(g) with the following stipulation:

> [o]n remand, the agency will further evaluate the medical opinion evidence, pursuant to 20 C.FR. § 404.1520c; further evaluate Plaintiff's maximum residual functional capacity; take any further action needed to complete the administrative record including offering Plaintiff the opportunity for a hearing if appropriate; and issue a new decision.

Doc. 21 at 2. This disposition is within the Court's authority, *see Shalala v. Schaefer*, 509 U.S. 292, 297 (1993), and I find remand of the case appropriate.

I respectfully **recommend**:

1. Defendant's Unopposed Motion for Entry of Judgment with Reversal and Remand of the Cause to the Defendant, doc. 21, be **granted**.

2. The **Clerk** of Court be directed to **enter judgment reversing and remanding** the case pursuant to sentence four of 42 U.S.C. § 405(g) with the following instructions:

> On remand, the agency will further evaluate the medical opinion evidence, pursuant to 20 C.FR. § 404.1520c; further evaluate Plaintiff's maximum residual functional capacity; take any further action needed to complete the administrative record including offering Plaintiff the opportunity for a hearing if appropriate; and issue a new decision.

3. The **Clerk** be further directed to **close** the file.

**Entered** in Jacksonville, Florida on November 28, 2023.

LAURA LOTHMAN LAMBERT
United States Magistrate Judge

**Notice**

"Within 14 days after being served with a copy of [a report and recommendation on a dispositive motion], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id*. A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Order (doc. 3), No. 8:20-mc-100-SDM, entered October 29, 2020, at 6.

c:
Honorable Roy B. Dalton, Jr., United States District Judge
Sarah Patience Jacobs, Esquire
Richard A. Culbertson, Esquire
John F. Rudy, III, Assistant United States Attorney
Timothy Stevens, Esquire