United States District Court
Middle District of Florida
Orlando Division

**TINA LOUISE ACKERMAN,**

     **Plaintiff,**

**v.**                                                                              **NO. 6:23-cv-1611-RBD-LLL**

**MARTIN O'MALLEY,**
**Commissioner of Social Security,**

     **Defendant.**

---

### Report and Recommendation

Before the Court is Plaintiff's Uncontested Motion for Attorney's Fees. Doc. 25. Plaintiff's counsel, Richard A. Culbertson and Sarah P. Jacobs, seek an award of attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), in the amount of $4,011.93 and the $ 402.00 filing fee; defendant has no objection to the requested fees. *Id.* at 3. After review, I recommend plaintiff's motion be granted.

Plaintiff's counsel spent a total of 16.4 hours working on this case, which is reflected in the itemization of time. *Id.* at 11-12. The Court finds the requested hours for plaintiff's counsel to be reasonable.

Regarding the rate, plaintiff requests $244.63 per hour for work performed in 2023. *Id.* at 7. In considering this, the Court acknowledges plaintiff is seeking a higher rate than the $125 specified by statute based on the increase in the cost of living since 1996, when the attorney's fee rate was last adjusted by Congress. *See id.* at 7-9; 28

U.S.C. § 2412(d)(2)(A) (permitting fee awards at rates higher than $125 per hour upon the Court's determination that cost of living has increased). Having examined the Consumer Price Index and the representations made in the motion, doc. 25, the Court finds an increase in inflation justifies a proportionate increase in attorney's fees.[1]

Plaintiff also requests $402.00 in filing costs, *id.* at 1. Defendant has no objection, *id.* at 3, and the Court finds this to be reasonable. Plaintiff has assigned her right to any entitlement of attorney's fees due under EAJA to counsel. Doc. 25-1.

## Recommendation

I respectfully **recommend**:

1. Plaintiff's Uncontested Motion for Attorney's Fees, doc. 25, be **granted**; plaintiff's counsel be awarded $4,011.93 in attorney's fees, and $402.00 in costs.

2. The Clerk of Court be directed to enter judgment in favor of plaintiff and against defendant in the amount of $4,413.93 under 28 U.S.C. § 2412(d).

3. The Commissioner be permitted to exercise his discretion to honor plaintiff's assignment of fees to counsel if the U.S. Department of Treasury determines

---

[1] *See* U.S. Dep't of Labor, Inflation Calculator, http://data.bls.gov/cgi-bin/cpicalc.pl (last visited March 6, 2024). In computing the hourly rate adjustment for the cost-of-living increase, the Consumer Price Index is generally used for the year in which the services were performed. *See Masonry Masters, Inc. v. Nelson*, 105 F.3d 708, 710-13 (D.C. Cir. 1997).

that plaintiff does not owe a debt to the U.S. Government.

**Entered** in Jacksonville, Florida, on March 7, 2024.

LAURA LOTHMAN LAMBERT
United States Magistrate Judge

## Notice

"Within 14 days after being served with a copy of [a report and recommendation on a dispositive issue], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id*. A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Order (Doc. No. 3), No. 8:20-mc-100-SDM, entered October 29, 2020, at 6.

c:
Sarah Patience Jacobs, Esquire
Richard A. Culbertson, Esquire
John F. Rudy, III, Esquire
Natalie Olszewski, Esquire
Timothy Stevens, Esquire
Nadine DeLuca Elder, Esquire